**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID M. DRISCOLL,** *et al.***,**<br><br>Plaintiffs,<br><br>v.<br><br>**GEORGE WASHINGTON UNIVERSITY,**<br><br>Defendant. | Civil Action No. 12-690 (ESH) |

**MEMORANDUM OPINION**

David Driscoll, a former employee of George Washington University ("GWU"), has sued on behalf of himself and others similarly situated alleging that GWU violated federal and D.C. law by failing to pay overtime wages to certain employees. (Second Amended Class Action Complaint, Sept. 10, 2012 [ECF No. 24] ("Compl.").) This Court previously denied GWU's motion to dismiss Driscoll's Fourth Cause of Action, which alleges violations of the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1302. *See Driscoll v. George Wash. Univ.*, 2012 WL 3900716, at *8 (D.D.C. Sept. 10, 2012). Driscoll has now moved to certify a Rule 23 class action with respect to his DCWPCL claim (Plaintiff's Motion to Certify a Fed. R. Civ. P. Rule 23 Class Action, Oct. 11, 2012 [ECF No. 34]), and GWU has moved for partial summary judgment as to that claim. (Motion for Partial Summary Judgment, Dec. 4, 2012 [ECF No. 45] ("Mot.").)

For the reasons stated herein, the Court will grant GWU's motion for partial summary judgment, and as a result, Driscoll's motion to certify a Rule 23 class action will be denied as moot.

1

## BACKGROUND

Driscoll was employed as an Executive Coordinator at GWU from April 2010—December 2011. (Defendant's Statement of Material Facts as to Which There is No Genuine Issue, Dec. 4, 2012 [ECF No. 45-1] ("Def.'s Facts") ¶ 2; Plaintiffs' Statement of Genuine Issues Necessary to Be Litigation and Statement of Material Facts as to Which There Is No Genuine Issue, Dec. 28, 2012 [ECF No. 55-2] ("Pl.'s Facts") ¶ 2.) He was promoted to a Department Operations/Administrative Manager in December 2011, where he remained until his termination in February 2012. (Def.'s Facts ¶ 3; Pl.'s Facts ¶ 3.) Driscoll was initially classified as an exempt employee under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the D.C. Minimum Wage Act, D.C. Code § 32-1012 *et seq.* ("DCMWA"), so he did not receive overtime payments. (Compl. ¶ 43.) In 2011, GWU undertook a project to review the classifications of many positions, including Driscoll's Executive Coordinator position. (Def.'s Facts ¶ 4; Pl.'s Facts ¶ 4.) As a result of that review, GWU reclassified Driscoll as non-exempt, thereby entitling him to prospective overtime payments consistent with the FLSA and the DCMWA. (Def.'s Facts ¶ 5; Pl.'s Facts ¶ 5.)

GWU also decided to pay reclassified employees overtime pay for hours worked in excess of 40 hours per week during the two years prior to the reclassification. (Def.'s Facts ¶ 7; Pl.'s Facts ¶¶ 7, 48.) To determine the amount of overtime owed each employee, GWU relied on managers and supervisors to estimate the overtime hours worked by each reclassified employee. (Def.'s Facts ¶ 8.) Driscoll's supervisor estimated that Driscoll had worked a total of 24 overtime hours during the roughly 20 months he had worked at GWU prior to his reclassification. (*Id.* ¶ 11.) GWU then paid Driscoll for those overtime hours at an amount one-half his normal hourly rate, based on a method set forth in a Wage & Hour Opinion Letter from

the U. S. Department of Labor.  (*Id.* ¶ 12; Pl.'s Facts ¶ 12.)  GWU then notified Driscoll that it had reclassified his position as non-exempt and would be paying him for 24 hours of overtime worked prior to the reclassification, which amounted to $232.98, minus taxes and withholdings.  (Def.'s Facts ¶¶ 14-16; Pl.'s Facts ¶¶ 14-16.)

In response to that letter, Driscoll contacted GWU and asserted that he had "clearly worked well in excess of 24 hours of overtime."  (Def.'s Facts ¶ 20; Pl.'s Facts ¶ 20.)  As evidence of that fact, Driscoll provided GWU with a spreadsheet containing the hours he worked during one two-week period, which included more than 50 overtime hours.  (Pl.'s Facts ¶ 42.)  However, he did not identify the total number of overtime hours he believes he worked prior to the reclassification, and GWU has not paid him any additional money beyond the initial $232.98.  (Def.'s Facts ¶ 29; Pl.'s Facts ¶ 29.)

Thereafter, Driscoll filed suit on behalf of himself and other similarly situated reclassified employees under the FLSA, DCMWA, and DCWPCL for unpaid overtime wages.  He argues that GWU violated federal and state wage laws by (1) failing to compensate them for all the overtime hours they actually worked, (2) using the Department of Labor's half-time payment method for overtime hours worked, rather than the time-and-one-half method provided for in the FLSA and DCMWA, (3) paying only two-years' worth of back overtime payments, notwithstanding the three-year statute of limitations under the relevant statutes, and (4) failing to pay liquidated damages or interest, notwithstanding the provision mandating such payments under the relevant statutes.

On August 8, 2012, Driscoll moved to conditionally certify an opt-in collective action under the FLSA and DCMWA.  (Plaintiff's Motion to Conditionally Certify a FLSA Collective Action and Send Notice to the Class [ECF No. 17].)  After a hearing on that motion, the Court

granted Driscoll's motion and conditionally certified a class consisting of "[a]ll current and former Executive Assistants, Executive Coordinators and Executive Associates employed by The George Washington University after April 27, 2009, who worked in excess of forty hours per week in those positions, were not paid overtime wages during all or part of their employment in those positions, and were in one of those positions when those positions were reclassified." (*See* Minute Order, Oct. 25, 2012; Minute Order, Nov. 7, 2012 (adopting plaintiff's proposed class definition).) The Court also authorized Notice to be sent to all potential class members. (*See* Minute Order, Nov. 7, 2012.) During the 60-day opt-in period, seventeen additional plaintiffs joined the three who had previously consented to join the lawsuit.[1]

Driscoll now seeks to certify an opt-out Rule 23 class under his Fourth Cause of Action based on the same class definition. (*See* Reply in Support of Plaintiff's Motion to Certify a Fed. R. Civ. P. Rule 23 Class Action, Jan. 16, 2013 [ECF No. 63] at 1 n.1.) GWU opposes class certification (Opposition to Motion for Class Certification, Dec. 14, 2012 [ECF No. 50]), and has filed for summary judgment on that claim.

## ANALYSIS

GWU has filed a motion for summary judgment on Driscoll's DCWPCL claim, arguing that (1) the DCMWA provides the exclusive remedy for a plaintiff seeking unpaid overtime wages, and (2) the DCWPCL does not apply because there is a bona fide dispute as to the amount of overtime wages Driscoll is owed.[2] Because the Court agrees with GWU that the

---

[1] Two additional potential plaintiffs consented to join the lawsuit but later withdrew their consent.

[2] The DCWPCL provides that where there is "a bona fide dispute concerning the amount of wages due," and where "the employer [gives] written notice to the employee of the amount of wages which he concedes to be due, and [pays] such amount," that payment will constitute compliance with the terms of §§ 32-1302 and 32-1303. D.C. Code. § 32-1304. GWU contends that there is a bona fide dispute concerning how much money Driscoll is owed in back overtime

4

DCMWA is Driscoll's exclusive state remedy, it need not address whether there is a bona fide dispute as to the amount of wages owed.

GWU does not dispute that Driscoll adequately states a claim under the DCMWA. The DCMWA provides that non-exempt employees in the District of Columbia must be paid overtime wages for hours worked in excess of 40 hours per week, and that the overtime rate must be at least one-and-one-half times the employee's regular hourly rate. D.C. Code. § 32-1003(c). Driscoll alleges that he was not paid overtime for all hours he worked beyond 40 hours per week, and that the overtime payments he did receive were only one-half his usual hourly rate. (Compl. ¶¶ 49-52.) Thus, he states a claim under the DCMWA. *See also Driscoll*, 2012 WL 3900716, at *6 n.3.

However, Driscoll's complaint also seeks relief under the DCWPCL based on identical facts. (Compl. ¶¶ 74-76.) In its motion to dismiss, GWU argued that Driscoll could not bring claims under both statutes because "the DCMWA provides the exclusive remedy for a plaintiff alleging a right to be paid overtime wages under D.C. law." (Motion to Dismiss, July 3, 2012 [ECF No. 9] at 2.) At that time, the Court noted only that under the plain terms of the DCWPCL, plaintiff had stated a claim. *Driscoll*, 2012 WL 3900716, at *8. Specifically, the DCWPCL provides that "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." D.C. Code. § 32-1302. Thus, because Driscoll alleged that GWU did not pay him "all [overtime] wages earned," the Court held that his complaint satisfied Rule 12(b)(6). *Driscoll*, 2012 WL 3900716, at *8. However, the Court declined at that time "to decide the difficult state law question of

---

wages, and that because they sent Driscoll a letter informing him of the amount they believed to be due and in fact deposited that amount in his bank account, they have complied with the terms of the DCWPCL. (*See* Mot. at 18-23.)

whether the DCMWA is Driscoll's sole remedy for his overtime claims."[3] *Id.* The Court now must tackle this issue. While Driscoll cites cases where a plaintiff has brought claims under both statutes, these cases are distinguishable (*see infra* at 9-10), and more importantly, no court in this jurisdiction has had to confront the question presented here: can a plaintiff bring claims under both statutes based on the same operative facts?[4]

The history of the two statutes is informative. The DCWPCL was enacted in 1956. In addition to its prescriptions regarding how and when employers must pay their employees' wages, it establishes a framework for recovery against an employer who violates its provisions. *See* D.C. Code § 32-1308. Specifically, it provides that an employee may recover "unpaid wages and liquidated damages" and may bring suit in the form of a class action on behalf of himself and other employees similarly situated. *See id.* Having established that statutory framework, the D.C. Council then enacted the DCMWA in 1992, guaranteeing a certain minimum wage and overtime payments to all non-exempt employees. *See* D.C. Code § 32-1003. Similar to the DCWPCL, the DCMWA provides for liability against employers, but the DCMWA (like the FLSA) is far more restrictive. For example, it allows employers to avoid liquidated damages if

---

[3] Driscoll argues that, based on this Court's ruling on the motion to dismiss, it is the "law of the case" that he may bring a claim under the DCWPCL. (Opposition to Defendant's Motion for Partial Summary Judgment, Dec. 28, 2012 [ECF No. 55] ("Opp'n") at 2-3 & n.1.) However, because the Court expressly reserved the question of whether the DCMWA provides the exclusive remedy for his claims, that is plainly not the case. *See Driscoll*, 2012 WL 3900716, at *8.

[4] Defendant argues that Driscoll has conceded that the DCMWA is the exclusive remedy for his claim. (Reply in Further Support of Defendant's Motion for Partial Summary Judgment, Jan. 23, 2013 [ECF No. 64] at 4-5.) However, in his Opposition to Summary Judgment, Driscoll incorporated by reference the arguments he made the first time this issue was briefed, in response to GWU's motion to dismiss. (Opp'n at 5.) There, Driscoll thoroughly addressed the exclusivity question (*see* Opposition to Defendant's Motion to Dismiss First Amended Complaint, July 17, 2012 [ECF No. 11] ("Motion to Dismiss Opp'n") at 9-16), arguing specifically that "[c]ourts in this District regularly allow wage and hour claims to be brought under multiple statutes." (*Id.* at 14.)

6

they can establish that they acted in "good faith" and "had reasonable grounds" to believe they were in compliance with the statute. D.C. Code. § 32-1012(a). Most significantly, it limits class actions to "opt-in" lawsuits by providing that "[n]o employee shall be a party plaintiff to any action brought under this subchapter unless the employee gives written consent to become a party." D.C. Code. § 32-1012(b). Neither the good faith defense to liquidated damages nor the opt-in requirement for class action lawsuits is available under the DCWPCL.

It is a longstanding and well-established principle of statutory construction that "a specific statute controls over a general one." *Bulova Watch Co. v. U.S.*, 365 U.S. 753, 758 (1961); *see also Morton v. Mancari*, 417 U.S. 535, 550-51 (1974) ("Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one."). This is true even where the general statute is enacted later in time than the more specific statute. *See Bulova Watch*, 365 U.S. at 758 (noting that the specific statute controls "without regard to priority of enactment" (quoting *Townsend v. Little*, 109 U.S. 504, 512 (1883))). And, of course, when the legislature enacts a more restrictive statute against a backdrop of a more permissive pre-existing legislative framework, the later specific statute should control.

Furthermore, D.C. courts have long held that "[w]hen a statute provides a comprehensive enforcement scheme for violations of its substantive provisions, a legislative intent to provide an exclusive remedy may be inferred." *Smith v. Police & Firemen's Ret. & Relief Bd.*, 460 A.2d 997, 1000 (D.C. 1983). Thus, a plaintiff cannot bring a claim for wrongful discharge alongside his DCMWA claim based on the same facts because that statute "provide[s] plaintiff's exclusive remedy." *Hicks v. Ass'n of Am. Med. Colleges*, 503 F. Supp. 2d 48, 55 (D.D.C. 2007). The D.C. Council enacted a comprehensive, detailed, and restrictive enforcement scheme for violations of the DCMWA with full awareness of the more expansive enforcement provisions of the

7

preexisting DCWPCL. It would therefore frustrate legislative intent—and effectively render the DCMWA's restrictive provisions a nullity—for this Court to conclude that because the facts of Driscoll's complaint amount to a violation of both the DCMWA and the DCWPCL, he can proceed under either or both statutes.

Additionally, permitting Driscoll to proceed under the DCWPCL would allow him to avoid the DCMWA's opt-in class action provision, *see* D.C. Code. § 32-1012(b), even though his DCWPCL claim is based on the same facts as his DCMWA claim. For example, one of Driscoll's major complaints about his overtime pay is that it was not one-and-one-half times his regular wage, as required by § 32-1012(a) of the DCMWA. (*See* Compl. ¶ 50.) To allow Driscoll to litigate that question under the DCWPCL as a Rule 23 opt-out class action would directly violate the other employees' right under the DCMWA not to be brought into an action without their written consent.[5]

Although this is an issue of first impression in this jurisdiction, courts in other jurisdictions have concluded that claims seeking overtime payments under a state's wage payment and collection law are more properly brought under the state's minimum wage law. *See, e.g.*, *Jara v. Strong Steel Door, Inc.*, 2008 WL 3823769, at *11-12 (N.Y. Sup. Ct. Aug. 15, 2008); *Mitchell v. C&S Wholesale Grocers, Inc.*, 2010 WL 2735655, at *5 (D.N.J. July 8, 2010); *Lanphear v. Tognelli*, 601 A.2d 1384, 1386 (Vt. 1991). This is true notwithstanding broad statutory language, much like the language of the DCWPCL, that arguably allows recovery of unpaid overtime wages. *See* N.Y. Labor § 191 (McKinney 2007) (every employer "shall pay

---

[5] Indeed, this Court has previously addressed the question whether Driscoll could bring a Rule 23 class action for his DCMWA claim and concluded that "the DCMWA's opt-in mechanism confers substantive rights such that application of Rule 23 in these circumstances would violate the Rules Enabling Act." *Driscoll*, 2012 WL 3900716, at *7. To permit Driscoll to invoke the DCWPCL to bring a Rule 23 class action would effectively nullify this Court's prior conclusion as to the DCMWA.

wages" in accordance with that statute's provisions); N.J. Stat. Ann. § 34:11-4.4 (West 2010) ("[n]o employer may withhold or divert any portion of an employee's wages"); Vt. Stat. Ann. tit. 21, § 347 (West 1977) (every employer "shall pay . . . the wages earned by each employee").[6] Indeed, the Vermont Supreme Court held that a plaintiff stating a claim under Vermont's minimum wage law could not take advantage of a remedy under that state's wages and medium of payment law, which is analogous to the DCWPCL. *See Lanphear*, 601 A.2d at 1386. The court noted that "[i]f violations of requirements to pay no less than minimum wage . . . were automatically violations subject to [the wages and medium of payment law] penalties, different remedies and penalties would apply to the same conduct, rendering the less stringent sanctions . . . meaningless." *Id*. The same logic applies with equal force here. If a violation of the DCMWA based on a failure to pay overtime wages was automatically subject to the DCWPCL's penalties, the more stringent sanctions of the DCMWA would be rendered meaningless.

In support of his position, Driscoll relies on cases where he argues that plaintiffs have been permitted to bring claims for unpaid compensation under both the DCMWA and DCWPCL. (*See* Motion to Dismiss Opp'n at 9, 14-15.) This reliance is misplaced. To be sure, Driscoll is correct that plaintiffs' claims for unpaid wages are described in court opinions as arising under the FLSA, the DCMWA, *and* the DCWPCL. *See, e.g.*, *Thompson v. Linda and A, Inc.*, 779 F. Supp. 2d 139 (D.D.C. 2011) (characterizing plaintiff's allegations as that the defendants had

---

[6] Driscoll is correct that other courts have allowed overtime claims to be brought under a state's wage payment and collection law. *See Goldman v. RadioShack Corp.*, 2005 WL 1155751 (E.D. Pa. May 13, 2005); *Dunn v. Dubuque Glass Co., Inc.*, 2012 WL 1564700, at *11-12 (N.D. Iowa May 1, 2012); *White v. VNA Homecare, Inc.*, 2012 WL 1435432 (S.D. Ill. Apr. 25, 2012). However, none of these cases considered the question whether the facts underlying those claims could also give rise to a claim under the state's minimum wage act and if so, whether the claims were more appropriately brought under that statute. More importantly, none of the state statutes at issue in the cited cases contained mandatory opt-in class action procedures. Thus, none of the cases that plaintiff relies on had to confront the question of how a court should resolve conflicting remedy provisions in two state statutes.

...

violated the minimum wage provisions of FLSA, DCMWA, and DCWPCL). However, in the majority of cases,[7] the plaintiffs brought claims under the DCMWA and the DCWPCL based on *different* factual allegations, not identical facts, as is the case here. *See, e.g.*, Amended Complaint, *Thompson*, 779 F. Supp. 2d 139 (No. 09-1942) (DCMWA claim sought minimum wage payments; DCWPCL claim alleged that employer took unexplained deductions from paychecks); Complaint, *Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3 (D.D.C. 2010) (No. 08-1156) (DCMWA claim sought overtime payments; DCWPCL claim alleged that employer had deducted 10% off each paycheck with no justification); Amended Complaint, *McKinney v. United Stor-All Ctrs., Inc.*, 585 F. Supp. 2d 6 (D.D.C. 2008) (No. 08-0333) (DCMWA claim sought overtime payments; DCWPCL claim alleged that plaintiff was not paid for unclaimed vacation time at the time of termination); Complaint, *Castillo v. P & R Enter., Inc.*, 517 F. Supp. 2d 440 (D.D.C. 2007) (No. 07-1195) (DCMWA claim sought overtime payments; DCWPCL claim alleged that plaintiffs were not compensated for work performed during rest and lunch periods and before and after the scheduled hours of plaintiffs' shifts). This Court is not aware of any case, nor has plaintiff cited one, where a court has addressed whether a plaintiff could pursue claims under both the DCWPCL and the DCMWA based on identical facts.

In light of the above principles of statutory construction and the necessity of construing the DCWPCL so as to avoid rendering the DCMWA's remedy provisions meaningless, the Court concludes that the proper avenue for Driscoll to pursue his claim for unpaid overtime wages is under the DCMWA. His Fourth Cause of Action will therefore be dismissed.

---

[7] In two cases, *Thompson v. Fathom Creative, Inc.*, 626 F. Supp. 2d 48 (D.D.C. 2009), and *Morales v. Landis Constr. Corp.*, 715 F. Supp. 2d 86 (D.D.C. 2010), it appears that the plaintiffs did attempt to seek unpaid overtime wages under both statutes. *See* Complaint, *Thompson*, 626 F. Supp. at 48 (No. 08-1841); Amended Complaint, *Morales*, 715 F. Supp. 2d 86 (No. 08-1463). However, in neither case was the court asked to consider the propriety of applying both statutes. Moreover, neither plaintiff sought to bring the DCWPCL claim as a Rule 23 opt-out class action.

## CONCLUSION

For the reasons stated, the Court will grant GWU's motion for summary judgment, and Driscoll's motion to certify a Rule 23 class action will be denied as moot. A separate Order accompanies this Memorandum Opinion.

>                    /s/
> ELLEN SEGAL HUVELLE
> United States District Judge

Date:   April 5, 2013